532 A.2d 521

Hazleton-St. Joseph Medical Center, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Episcopal Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 8, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Jennifer A. Stiller, Of Counsel: Wolf, Block, Schorr and Solis-Cohen,* for petitioners.

*John A. Kane,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 20, 1987:

Episcopal Hospital and Hazleton-St. Joseph Medical Center (Petitioners) appeal adjudications of the Department of Public Welfare (DPW) which denied their appeals of payment rates established by DPW for the period July 1, 1984 through December 31, 1984. We reverse.

On June 22, 1984, DPW sent to each Petitioner its "Hospital DRG Payment Notice" pursuant to the new prospective system of payment for inpatient hospital services provided to medical assistance recipients, to be effective July 1, 1984.[1] According to the notices, Episcopal's payment rate was to be $2,036.05, and Hazleton-St. Joseph's rate $1,000.98. Petitioners appealed the rates to DPW's Office of Hearings and Appeals, claiming that the rates were violative of the state constitution and state and federal statutes and regulations.

---

[1] The prospective payment rate, a predetermined amount based on the diagnosis related group (DRG) into which a patient is classified, replaced the cost reimbursement system previously utilized in the Commonwealth. *See* 55 Pa. Code §§1163.1-1163.125.

While Petitioners' appeals were pending, each received a new payment notice announcing revised rates to be effective January 1, 1985. This notice stated: "Since the payment is prospective in nature, your new rate is being implemented on a prospective basis only. The Department is making no retroactive adjustment to your current rate as a result of this change." Both Petitioners challenged the revised rates, arguing that the rates should be paid retroactive to July 1, 1984 as the prior payment rates were "grossly undervalued and otherwise erroneous."

On May 7, 1986, the Office of Hearings and Appeals adopted the hearing examiner's recommended decision that Petitioners' appeals be denied. Both Petitioners filed petitions for review of the order with this Court, and on June 27, 1986, the appeals were consolidated for our disposition.

Petitioners argue that DPW's calculation of their prospective payment rates for the July 1, 1984 to December 31, 1984 period was inconsistent with DPW regulations, was based on a series of arbitrary and capricious decisions, and was violative of federal law. We note that our scope of review of a DPW decision is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with law, and whether any constitutional rights were violated. *Harston Hall Nursing and Convalescent Home, Inc. v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 475, 513 A.2d 1097 (1986).

The hearing examiner made the following common pertinent findings of fact regarding DPW's calculation of Petitioners' payment rates:

6. DPW made errors in calculating the July rates which led to its correction of those errors in the January rates.

7.  Many of DPW's errors involved how particular invoices in the pay-claims data base were counted or categorized during the rate calculations process.

8.  In calculating the July rates, the Department failed to account for third party payments. This resulted in the total fund carved out of the Medical Assistance budget for DRG's being 13 million dollars short.

9.  When it calculated the July rates, DPW had available the same data it used in calculating the January rates.

10.  DPW corrected the errors in its July rates when it recalculated the rates and promulgated new rates effective January 1, 1985.

11.  As a result of DPW's correction of its errors, numerous case count and/or cost figures upon which Appellant's January rate calculations were based were different from those used in the July rate calculations.

12.  The errors which affected the July rates and were corrected in January were errors in judgment or calculation by DPW, not hospital-produced.[2]

The examiner made the following findings with respect to Hazleton-St. Joseph's:

17.  When DPW recalculated the rates, it set Hazleton-St. Joseph Medical Center's hospital-specific rate at $1147.23, its group rate at $1234.27, and its payment rate at $1168.99. These rates were effective as of January 1, 1985.

18.  Hazleton-Saint Joseph Medical Center is an efficiently and economically operated hospital, as DPW itself has defined that term.

---

[2] Hazleton-St. Joseph adjudication at 6, Reproduced Record (R.R.) at 224a; Episcopal adjudication at 6, R.R. at 246a-247a.

19. The prospective rate set by DPW for Hazleton-Saint Joseph Medical Center effective July 1, 1984, resulted in the Medical Centers being paid approximately $73839.00 less than its costs of providing care to Medical Assistance patients during the period July 1, 1984 through December 31, 1984.

20. Hazleton-Saint Joseph Medical Center was reimbursed approximately $409 per case less than its costs of providing inpatient services to Medical Assistance patients during the period July 1, 1984 through December 31, 1984.

21. The prospective payment rates set by DPW for Hazleton-Saint Joseph Medical Center applicable to the period July 1, 1984 through December 31, 1984 were not reasonable and adequate to meet the Medical Center's cost of providing care to Medical Assistance beneficiaries.[3]

The examiner made the following findings with respect to Episcopal:

17. Episcopal Hospital is an efficiently and economically operated hospital, as DPW itself has defined the term.

18. A prospective payment rate set by DPW for Episcopal Hospital effective July 1, 1984 resulted in the hospital's being paid approximately $48,000 less than its cost of providing care to Medical Assistance patients.

19. The July 1, 1984 prospective payment rate set by DPW for Episcopal is approximately $842 less than the hospital's average cost per case during the six months for which those rates were applicable.

---

[3] Hazleton-St. Joseph adjudication at 7, R.R. at 225a.

20. The prospective payment rates set by DPW for Episcopal applicable to the period July 1, 1984 through December 31, 1984 were not reasonable and adequate to meet Episcopal's costs for providing care to Medicare beneficiaries. (Examiner's citations omitted.)[4]

Petitioners argue that these findings are supported by substantial evidence, and that the specific errors made by DPW, as found by the examiner, affected the entire payment rate calculation. Petitioners maintain, furthermore, that the examiner erred as a matter of law in recommending that the appeals be dismissed in light of his findings of fact.

We agree with Petitioners that DPW did not accurately compute their "hospital-specific" rates in accordance with the DPW regulation at 55 Pa. Code §1163.124.[5] As specifically found by the examiner, the result of these errors was that the rates established for Petitioners for the July 1, 1984 to December 31, 1984 period were not reasonable and adequate to meet Petitioners' costs, as required under federal law. *See* 42 U.S.C. §1396a(13)(A).

As we conclude Petitioners have prevailed in their appeal of their payment rates, we must determine the extent to which they are entitled to a rate adjustment. While DPW argues that payment rates are to be prospective only, and that Petitioners are not entitled to retroactive adjustment to reflect the January, 1985 recalculation, we agree with Petitioners that DPW must be bound by a published statement of policy concerning appeals of hospital-specific rates. In response to comments on the then-proposed prospective payment system, DPW stated:

---

[4] Episcopal adjudication at 7-8, R.R. at 247a-248a.

[5] Section 1163.124 is currently reserved in Title 55; the text of the Section is located at serial pages 112250 to 112252 of the Code.

> *For the first year of implementation, the Department will make a retroactive adjustment to the hospital's specific rate.* If an adjustment to a hospital specific rate is necessary as the result of an appeal, the adjustment will be made as soon as possible after the adjustment is found to be necessary. Again, after the first year of implementation, this adjustment will only be made prospectively.

14 Pa. B. 2205 (1984) (emphasis added).

Petitioners, of course, do challenge their hospital-specific rates, which were established in the first year of the payment plan's implementation. Since we conclude, based on the hearing examiner's fact findings, that they are entitled to an adjustment, we hold that the errors DPW corrected in Petitioners' January, 1985 rates are to be corrected retroactively to July 1, 1984.

We, accordingly, reverse the orders of the Office of Hearings and Appeals.

### ORDER

The orders of the Department of Public Welfare dismissing Petitioners' appeals in the above-captioned proceedings are hereby reversed.