535 A.2d 1238

Lancaster General Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 16, 1987, before Judges MAC-PHAIL, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

Steven J. Holsinger, with him, Christopher W. Matt-son, Barley, Snyder, Cooper & Barber, for petitioner.

Diane J. Bartels, Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, January 20, 1988:

Lancaster General Hospital (LGH) has appealed from an order of the Office of Hearings and Appeals (OHA), Department of Public Welfare (DPW) which denied LGH's request for a retroactive recalculation of its diagnosis-related group (DRG)[1] rate for the period July 1, 1984 through January 1, 1985. For the reasons set forth herein, we reverse and remand.

In recent years DPW has revised its regulations regarding reimbursement to hospitals of health care costs for the needy. In response to certain federal laws enacted by Congress in 1981,[2] DPW began revising its hospital reimbursement system and in 1984, DPW adopted a prospective payment system based upon DRGs. The prospective payment system or DRG rate system was to become effective July 1, 1984.

---

[1] Diagnosis-related groups (DRGs) are defined in DPW's regulations at 55 Pa. Code §1163.2 as "A patient classification system that reflects clinically cohesive groupings of patients that consume similar amounts of hospital resources".

[2] In 1981, Congress replaced the federal regulations which mandated reimbursement to hospitals for reasonable health care costs and replaced it with a new standard which provided state agencies with more flexibility and based state reimbursement for hospital care upon a hospital's efficient and economic operation. See 42 U.S.C. §1396(a)(13)(A).

Certain costs were to be reimbursed outside of the prospective payment system; and one of these costs was for direct care services provided by a hospital-based or a provider-based physician (a physician salaried by a hospital).[3] Under the new regulations hospitals are required to submit cost reports.[4] DPW would determine from these cost reports the appropriate reimbursement permitted.

In the case at bar, LGH is contesting DPW's calculation of its DRG rate for the fiscal year 1984-1985, the first year in which the DRG rate became effective. It is undisputed that during the period in question, LGH had a contract with Lancaster Radiology Associates (LRA), an independent contractor, to provide radiology services; and therefore LRA is not a provider-based physician. It is also undisputed that LGH erronerously included its costs incurred with respect to LRA under its provider-based physician costs. LGH's radiology costs should have been included with those costs eligible for reimbursement under the DRG rate and not as a cost reimbursable as a provider-based physician. If LGH had correctly reported its LRA costs, it would have received a higher DRG rate. LGH and DPW both agree that DPW correctly calculated LGH's DRG rate based upon the information provided by LGH. However, because LGH made an error in its cost report with regard to its LRA costs, DPW's calculation is also incorrect.[5]

A hearing was held before an attorney examiner on November 6, 1985. The attorney examiner denied

---

[3] *See* 55 Pa. Code §1163.51(d)(i).

[4] *See* 55 Pa. Code §§1163.43, 1163.122 and 1163.123(a)(5)(i).

[5] It should be noted that reimbursement was received for the radiology costs incurred by LGH as provider-based physician costs.

LGH's request for relief and his decision was adopted in its entirety by OHA. Hence, this appeal.[6]

The issue presented for our resolution is whether LGH is entitled to a recalculation of its DRG rate, and a retroactive reimbursement based upon this recalculation when the sole reason for the erroneous calculation of the DRG rate was due to an error on the part of LGH. In reviewing a DPW decision, our scope of review is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with the law, and whether a violation of constitutional rights has occurred. *Harston Hall Nursing and Convalescent Home, Inc. v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 475, 513 A.2d 1097 (1986).

The attorney examiner made the following relevant findings of fact: that the DRG regulations excluded hospital-based physician costs from the DRG rate; that LRA was an independent contractor and did not constitute a hospital-based physician cost; that DPW in calculating LGH's DRG rate relied upon information supplied by LGH; that prior to the calculation of LGH's DRG rate, DPW sent to LGH a listing of the key elements utilized by DPW in development of the DRG rate; that LGH verified on a verification form sent to LGH by DPW that the costs indicated on its cost report were correct; and that the verification form clearly identified hospital-based physician costs. The attorney examiner concluded that "because the error was unilaterally made by the appellant [LGH] there is no basis for relief in this matter".

It is LGH's position that a retroactive adjustment to its DRG rate is warranted because the law clearly

---

[6] LGH is provided with a right to appeal DPW's actions pursuant to 55 Pa. Code §1101.84 and §1163.101.

permits recalculation and retroactive adjustment. DPW counters that the regulations clearly provide that group rate calculations and hospital specific rate calculations will be derived from a hospital's most recently submitted cost report,[7] that the regulations clearly provide that hospital-based physician costs will be excluded from the DRG rate, and that DPW's refusal to grant retroactive reimbursement was an appropriate use of DPW's discretion.

Initially, we observe that the regulations are silent with respect to the retroactive adjustment of payment rates. However, in 14 Pa. B. 2205 (1984) DPW did promulgate the following statement in article XIV of the preamble to the proposed regulations:

> In establishing the data base for determining the prospective rates, the Department made every effort to assure that the data was as accurate as possible. Except for hospital specific rates in the first year of implementation, if a hospital appeals a decision made by the Department on its hospital specific rate or its group rate and adjudication results in a [sic] adjustment to that rate, the adjustment will only be made prospectively. *For the first year of implementation, the Department will make a retroactive adjustment to the hospital specific rate. If an adjustment to a hospital specific rate is necessary as the result of an appeal, the result will be made as soon as possible after the adjustment is found to be necessary. Again, after the first year of implementation this adjustment will only be made prospectively.*

---

[7] *See* 55 Pa. Code §§1163.123 and 1163.124. The text for §1163.124 can be found at serial pages 112250 through 112252 of the Code.

It was recently held in *Hazleton-St. Joseph Medical Center v. Department of Public Welfare,* 110 Pa. Commonwealth Ct. 342, 532 A.2d 521 (1987) that DPW must be held to this published statement of policy found at 14 Pa. B. 2205 (1984) and that based upon this statement retroactive adjustment may be made to hospital specific rates. In *Hazleton-St. Joseph Medical Center,* DPW erroneously calculated the hospital specific rate for the first year of the payment plan's implementation; and this Court concluded that retroactive adjustment was required. In the instant matter, it was LGH who made an error in the cost reports supplied to DPW with respect to the first year of implementation. As in *Hazleton-St. Joseph,* we must also hold that the hospital is entitled to retroactive adjustment. However, because we are powerless to make findings of fact and the attorney examiner made no findings of fact with respect to any rate calculations we will remand this matter to the OHA with further directions to remand to an attorney examiner in order to make findings of fact and conclusions of law regarding the appropriate retroactive adjustment to the 1984-85 hospital specific rate to which LGH is entitled.

ORDER

AND NOW, this 20th day of January, 1988, the decision of the Office of Hearings and Appeals denying retroactive adjustment to Lancaster General Hospital is hereby reversed. Accordingly, we will remand this matter to the Office of Hearings and Appeals with further directions to remand to an attorney examiner in order to make findings of fact and conclusions of law with respect to the appropriate retroactive adjustment to the 1984-1985 hospital specific rate to which Lancaster General Hospital is entitled.

Jurisdiction relinquished.